UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FREDERICK R. PORT**,

    Plaintiff,

v.                                                                    **CIVIL NO. 08-0467 WJ/RHS**

**TAYLOR LAND CORPORATION, LTD.**
**a Delaware corporation, ST FRANCIS ASSOCIATES**
**LLC. a New Mexico Limited Partnership, GOODWIN**
**H. TAYLOR, individually, and THREE TRUSTS OF**
**UNKNOWN NAMES ESTABLISHED FOR THE**
**BENEFIT OF GOODWIN H. TAYLOR'S THREE**
**CHILDREN,**

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court upon Defendants Motion for Summary Judgment filed December 15, 2008 (Docket No. 36). Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken in part, and thus will be granted in part and denied in part.

**BACKGROUND**

This is an action seeking collection on a promissory note and an accounting as well as damages and attorney's fees. Plaintiff asserts seven claims for relief. In the first count of the amended complaint he seeks collection on a promissory note, in the second count he seeks installment payments and an accounting. In his third count, Plaintiff asserts fraudulent and/or negligent misrepresentation and his fourth count for relief asserts fraud in the inducement.

1

Plaintiff's fifth count for relief alleges *prima facie* tort and in his sixth count for relief he seeks to pierce the corporate veil. In the seventh count of the amended complaint Plaintiff alleges a constructive trust.

Plaintiff is a citizen of California, Defendant Taylor Land Corporation is organized under the laws of Delaware and has its principal operating offices in that state, and Defendant St. Francis Associates, Ltd., is a limited partnership organized in New Mexico with its principal offices in that state. Defendant Goodwin H. Taylor is a citizen of Virginia and Plaintiff asserts that upon information and belief the three trusts established for the benefit of Goodwin H. Taylor's children are established pursuant to the laws of a state other than California and administered in such a state. Federal jurisdiction is based upon the diversity of the parties.

Plaintiff asserts that Defendant Taylor Land Corporation was organized to purchase the DeVargas Hotel, now known as the Hotel St. Francis, in Santa Fe, New Mexico. DeVargas Associates, LTD, a New Mexico limited partnership sold its interest in the hotel to Defendant Taylor Land Corporation for $175,000.00 in cash and a Promissory Note in the amount of $577,650.00. The general partner of De Vargas was De Vargas Group Incorporated, a New Mexico corporation, Port Depo., 157. The limited partners of De Vargas were J. Michael Cerletti, Donald M. Salazar, Frederick R. Port (the Plaintiff herein), and Santa Anita Development Company, a California corporation ("Santa Anita"). Mr. Cerletti was the president of De Vargas Associate's general partner and also a general partner of St. Francis Associates, Ltd.  Although the sale was made in 1986, the note was actually executed in 1989. Shortly after the sale, but before the note was executed, Defendant Taylor Land Corporation assigned the ground lease for the hotel to Defendant St. Francis, LTD. That assignment was signed by Defendant Goodwin Taylor as president of Defendant Taylor Land Corporation and by J.

Michael Cerletti as general partner of St. Francis, LTD. Mr. Cerletti was also the president of DeVargas Associates' general partner and a limited partner in DeVargas Associates.

Plaintiff asserts that Defendant Goodwin Taylor is the sole shareholder and president of Defendant Taylor Land Corporation and that Defendant Taylor Land Corporation holds a one percent interest in Defendant St. Francis, LTD, while Defendant Goodwin Taylor holds a forty-nine percent interest in St. Francis and the three Defendant Trusts together hold the remaining fifty percent of the partnership. Plaintiff further contends that the hotel was sold in June, 2008 for ten million dollars and, after payment of the outstanding mortgage, other debt and returns of capital, Defendant St. Francis netted more than seven million dollars from the sale. Defendant Goodwin Taylor and Defendant St. Francis refuse to pay the promissory note, claiming that the obligation remains with Defendant Taylor Land Corporation and that Taylor Land Corporation's only asset is its one percent interest in Defendant St. Francis.

Defendants contend that Plaintiff never obtained a written assignment of the promissory note and does not possess the note. Defendants describe the note as a non-negotiable promissory note by Defendant Taylor Land Corporation to De Vargas Associates, Ltd.. Further, pursuant to the purchase and sale agreement, that the note would be assigned to Santa Anita Development Company, a California company. Defendants assert that Plaintiff has not requested that DeVargas Associates bring suit to enforce the purchase agreement or any other rights it might have against Defendants and that DeVargas Associates have not assigned the note to Plaintiff. Last, Defendants contend that, by its terms, the note shall be governed by the laws of the District of Columbia.[1]

---

[1] Despite this assertion, the parties generally rely almost entirely on New Mexico law in arguing the motion for summary judgment.

**DISCUSSION**

In this motion, Defendants Taylor Land Corporation, Ltd., Goodwin H. Taylor, and St. Francis Associates, Ltd. move for summary judgment on four issues: 1) that under the controlling statutes Plaintiff does not have a valid assignment of the promissory note which he seeks to enforce in this suit; 2) only Taylor Land Corporation, not Goodwin H. Taylor or St. Francis Associates, is potentially liable on the promissory note and then only to the extent of Taylor Land's assets; 3) Plaintiff cannot pierce the corporate veil of Taylor Land to sue Goodwin H. Taylor or St. Francis Associates on the promissory note; and 4) Plaintiff lacks standing to bring the claims in his First Amended Complaint which belong to De Vargas Associates, Ltd., a New Mexico Limited Partnership. In addition, Defendants assert that Plaintiff's First Amended Complaint fails on the merits.

**I.      STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56(e); Matsushita Elec., 475 U. S. at 596-87.  In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the

burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996). Mere allegations, without more, are insufficient to avoid summary judgment. Lawmaster v. Ward, 125 F.3d 1341, 1349 (10th Cir. 1997).

In determining whether summary judgment is appropriate, the Court will not weigh the evidence and determine the truth but rather determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. However, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

## II.  ANALYSIS

### A.  Written Assignment of Note

Defendants' first ground for summary judgment is the assertion that Plaintiff does not have a valid assignment of the promissory note at issue in this case. In support of that contention, Defendants aver that the note was never assigned to Plaintiff in writing and refer to District of Columbia Code §28-2303 (2008), which states:

> An owner of a nonnegotiable written agreement for the payment of money, including a nonnegotiable bill of exchange and a promissory note, or for the delivery of personal property, an open account, debt, and demand of a liquidated character, except a claim against the United States or the salary of a public officer, may assign it in writing, and the assignee may maintain an action thereon in his own name.

Plaintiff contends that the lack of a written assignment does not preclude this action, citing District of Columbia v. Hamilton National Bank of Washington, 76 A.2d 60, 63-64 (D.C.App. 1950) for the proposition that a written assignment is not required to pursue an action. Interpreting an earlier version of the statute in Hamilton National Bank, the court held

> We are of the opinion therefore that the absence of an express written assignment

>did not, without more, prevent an actual assignment of the conditional sale agreement to the Hamilton Bank. Whether there was an assignment of the instrument depended, as in the case of any contractual arrangement, on the intention of the parties to be ascertained from all the circumstances of the transaction.

Id. at 64. Given that holding, Defendants' contention that the absence of a written assignment of the promissory note precludes Plaintiff's suit is incorrect and does not entitle them to summary judgment on this issue.

>B.     Liability of Taylor Land Corporation

Defendants next contend that only Defendant Taylor Land Corporation, not Defendants Goodwin H. Taylor or St. Francis Associates, is potentially liable on the promissory note and then only to the extent of Defendant Taylor Land's assets. As noted earlier, Plaintiff asserts that Taylor Land Corporation holds a one percent interest in Defendant St. Francis Associates. Defendants assert that Defendant Taylor Land Corporation is the sole maker of the promissory note and that De Vargas Associates, to whom the note was made, was aware of Taylor Land's one percent interest in St. Francis Associates at the time De Vargas accepted the note. Plaintiff responds that Defendants considered the note a liability of St. Francis Associates and provides balance sheets from 1988 and 2007 listing the note payable to De Vargas Associates as a liability. Plaintiff's Response to Motion for Summary Judgment (Docket No. 47), Exhibits 1, 2. Defendants argue that St. Francis Associates' decisions as to how to account for the obligation do not create a contractual commitment by it to any third party. Defendants also argue that the note, under its own terms, created an obligation for Defendant Taylor Land Corporation to make payments prior to the note's maturity as measured by a portion of the Net Distributable Case of Defendant St. Francis Associates, but that any tie to St. Francis Associates based upon the note expired when the note matured in 2006.

The undisputed material facts show that DeVargas Associates was or should have been aware of the assignment of the ground lease of the hotel to St. Francis Associates as J. Michael Cerletti was a partner in both partnerships (and president of the general partner in DeVargas Associates) at the time of the assignment and signed the document accomplishing that action. Further, a letter dated May 1, 1989 from Don Salazar to Plaintiff and Cerletti, points out the form of the executed note reflects that St. Francis Associates, rather than Taylor Land Corporation, owned the hotel. Doc. 36-6, Ex. W. Under these circumstances and given the terms of the note indicated by the May 1st letter, Defendants are entitled to summary judgment finding that only Defendant Taylor Land Corporation is liable on the note and as to Counts I and II of the Amended Complaint seeking collection on the promissory note and installment payments and accounting.

    C.    Piercing the Corporate Veil

Defendants argue that Plaintiff may not pierce the corporate veil of Defendant Taylor Land and enforce the note against Defendant Goodwin Taylor or against more than Taylor Land's one percent interest in Defendant St. Francis Associates. The three requirements for piercing the corporate veil are: 1) instrumentality or domination, 2) improper purpose, and 3) proximate cause, citing Harlow v. Fibron Corp., 671 P.2d 40, 41 (N.M.App. 1983). Plaintiff notes that Defendant Goodwin Taylor is the sole shareholder of Taylor Land Corporation and its only director, thereby demonstrating domination of the corporation as described by Garcia v. Coffman, 946 P.2d 216, 220(N.M.App. 1997). Plaintiff asserts that the improper purpose element of the test is demonstrated by Defendant Port stripping Taylor Land Corporation of virtually all of its assets and that the proximate cause element is met by the fact that the assets of Taylor Land Corporation, specifically all but one percent of the interest in Defendant St. Francis,

were assigned but the liability of the promissory note was not. Defendants reply that Plaintiff and other partners of DeVargas Associates were aware at the time DeVargas Associates accepted the promissory note that Defendant Taylor Land Corporation was not the owner of the hotel.

In Garcia, *supra*, the New Mexico Court of Appeals lists types of improper purposes as including misrepresentation of a corporation's assets and purposes, participation or direction of improper activities, and joint improper acts, such as where the party and subservient corporation cooperate to perform a series of actions which, if all such actions were performed by either alone, would create liability. Garcia, 946 P.2d at 221. In this case, Defendants have not shown that Plaintiff or DeVargas Associates was aware of the extent of Defendant Taylor Land Corporation's assets. Plaintiff has not provided any evidence in response to the motion for summary judgment that there was any affirmative misrepresentation of Defendant Taylor Land Corporation's assets. However, there is an issue as to whether Defendant Goodwin Taylor performed actions, as asserted in Plaintiff's count alleging fraud, which would create liability. Accordingly, Defendants are not entitled to summary judgment with respect to Plaintiff's claim that he is entitled to pierce the corporate veil of Defendant Taylor Land Corporation.

D.      Plaintiff's Standing

Defendants contend that Plaintiff lacks standing to bring the claims in his First Amended Complaint which belong to De Vargas Associates. Under New Mexico law, a cause of action accruing to a partnership for damages to partnership property or interests belongs to the partnership, rather than to individual partners. Fate v. Owens, 27 P.3d 990, 997 (N.M.App. 2001). In this case, Plaintiff was a limited partner of De Vargas Associates. Plaintiff asserts that pursuant to the Uniform Revised Limited Partnership Act, NMSA 1978 §54-2A-1001, *et seq.*, he may maintain a derivative action if he was a partner at the time the action is commenced and at a

time the conduct giving rise to the action occurred and if making a demand on the general partners requesting that they cause the limited partnership to enforce the right would be futile. Plaintiff contends that DeVargas Group, Incorporated was the general partner of DeVargas Associates and that DeVargas Group, Incorporated no longer exists, rendering any demand on the general partner of DeVargas Associates futile.

Defendants contend that Plaintiff has not shown that asking DeVargas Associates to pursue the claims would be futile, as he has not presented evidence that the heirs of a third partner, Don Salazar, who is now deceased, have consented to Plaintiff pursuing this action in his own name. However, under the terms of the statute, Plaintiff must show that making a demand on DeVargas Group, Incorporated, that pursuing the action would be futile, as that entity was the general partner in DeVargas Associates. Plaintiff has made such a showing here. DeVargas Group, Incorporated's certificate of incorporation has been revoked and it is no longer active.  Plaintiff's Response to Motion for Summary Judgment (Docket No. 47), Exhibit 15. Under these circumstances, Plaintiff has standing to assert his claims in his own name and Defendants' Motion for Summary Judgment must be denied as to this issue.

E. <u>Merits of the Complaint</u>

Defendants argue that Count I of the Complaint must be dismissed because the note has not been assigned to Plaintiff in writing. Given the Court's conclusion, *supra*, that under the law of the District of Columbia the lack of a written assignment is not fatal to Plaintiff's claim, Defendants are not entitled to summary judgment on Count I of the complaint seeking to collect on the note.

Defendants also argue that they are entitled to summary judgment on Count III of the Complaint, in which Plaintiff asserts fraudulent and/or negligent misrepresentation. As noted by

Plaintiff, New Mexico law states that actionable fraud in the context of a failure to disclose is found if

> a party to the transaction knows of material facts, has a duty to disclose, and remains silent. A duty to disclose may arise if there is knowledge that the other party to the contemplated transaction is acting under mistaken belief. A duty to disclose may also arise if one has superior knowledge that is not within the reach of the other party or could not have been discovered by the exercise of reasonable diligence.

Krupiak v. Payton, 561 P.2d 1345, 1346 (N.M. 1977). Plaintiff contends that Defendant Goodwin Taylor never told Plaintiff, DeVargas Associates, or J. Michael Cerletti that Defendant Taylor Land Corporation had virtually no assets. Defendants assert that DeVargas Associates knew that Taylor Land Corporation had assigned the hotel's ground lease to St. Francis Associates and that Taylor Land Corporation did not own the hotel and still accepted the note. In addition, Defendants assert that, absent a fiduciary duty to speak, silence or nondisclosure is insufficient to constitute fraudulent concealment, citing Continental Potash v. Freeport-McMoran, Inc., 858 P.2d 66, 77 (N.M. 1993). In Krupiak, *supra*, the New Mexico Supreme Court noted that a duty to disclose facts may arise if a party has superior knowledge that is not within reach of the other party or could not have been discovered by reasonable diligence. WXI/Z Southwest Malls v. Mueller, 110 P.3d 1080, 1088 (N.M.App. 2005). Given the lack of evidence regarding whether the knowledge of Taylor Land Corporation's assets was within reach of Plaintiff or St. Francis Associates or could have been discovered by reasonable diligence, Defendants have not met their burden of establishing that they are entitled to judgment in their favor on Count III of the Complaint.

Defendants contend that Count IV of the Complaint, which alleges fraud in the inducement, is defective because the promissory note was not delivered until three years after the

purchase and sale agreement was entered into. Defendants assert that the note did not figure in the negotiations leading up to the purchase and sale agreement. Plaintiff argues that he accepted the note in reliance on Defendants' representations, which proved to be false, and points to the inclusion of the note on Defendant St. Francis' balance sheet in 1989. However, Plaintiff accepted the note DeVargas Associates after assignment to Santa Anita Development Company. Defendants have provided evidence that Plaintiff did not rely on the listing of the promissory note as a liability on St. Francis Associates' balance sheet. Reply, Ex. C (Port Dep). at 163-65. Defendants Reply in Support of Motion for Summary Judgment (Docket No. 56), Exhibit C, Deposition of Frederick Port, pp. 163-65. Further, Plaintiff was notified that Taylor Land Corporation did not own the hotel prior to any transfer of the note.  Doc. 36-6, Ex. W.  Based on this evidence, Plaintiff cannot maintain an action for fraud in the inducement and Defendants are entitled to summary judgment on Count IV of the Complaint.

Defendants also contend that Count V of the complaint, alleging *prima facie* tort, should be dismissed because Plaintiff's claims are susceptible to submission under one of the accepted categories of tort. Under New Mexico law, *prima facie* tort may be asserted in the alternative. Bogle v. Summit Investment Co., LLC, 107 P.3d 520, 529 (N.M.App. 2005). The Court agrees with Plaintiff that Defendants' request that the claim be dismissed is premature and must be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is granted in part and denied in part. Count IV of the Amended Complaint, alleging fraud in the inducement, is hereby dismissed. Further, Defendants are granted summary judgment finding that only Defendant Taylor Land Corporation is liable on the promissory note underlying this action. In all other respects, the Motion for Summary Judgment is denied.

_____
**WILLIAM JOHNSON**
**UNITED STATES DISTRICT JUDGE**